

E-filing

FILED

JUN 2 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA MCGUINNESS, Esq. (SBN 159420)
2   CATHERINE M. CABALO (SBN 248198)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA  94612
4   Telephone:  510/832-5001
    Facsimile:   510/832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiff
    IRVING GRIFFIN
7

8               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
9

10                                        C11-03148 PSG

11  IRVING GRIFFIN,                    CASE NO.
                                       Civil Rights
        Plaintiff,

12                                     COMPLAINT FOR PRELIMINARY AND
                                       PERMANENT INJUNCTIVE RELIEF AND
13                                     DAMAGES: DENIAL OF CIVIL RIGHTS
    v.                                 AND ACCESS TO PUBLIC FACILITIES
14                                     TO PHYSICALLY DISABLED PERSONS,
                                       PER FEDERAL AND CALIFORNIA
15                                     STATUTES (including CIVIL CODE §§ 51,
    CEDAR FAIR, L.P. dba               52, 54, 54.1, 54.3, and § 55; and HEALTH &
16  CALIFORNIA'S GREAT                 SAFETY CODE §§ 19953 *et seq.*);
    AMERICA; and DOES 1-20,            INJUNCTIVE RELIEF PER TITLE III,
17  Inclusive,                         AMERICANS WITH DISABILITIES ACT
                                       OF 1990 (including 42 USC §§ 12181 *et seq.*)
18      Defendants.
                                  /    DEMAND FOR JURY TRIAL
19

20          Plaintiff IRVING GRIFFIN complains of defendants CEDAR FAIR,

21  L.P. dba CALIFORNIA'S GREAT AMERICA; and DOES 1-20, Inclusive, and

22  each of them, and allege as follows:

23          1.    **INTRODUCTION:**    This case involves the denial to plaintiff

24  and other wheelchair using disabled persons of accessible public facilities,

25  including exterior paths of travel and access to the entrances, interior paths of

26  travel, public restrooms, and related facilities, and discrimination based on

27  defendants' policies that affect physically disabled persons at California's Great

28  America amusement park, located at 4701 Great America Parkway, Santa Clara,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -1-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1  California. Plaintiff Irving Griffin is a "person with a disability" or "physically

2  handicapped person" due to quadriplegia. Plaintiff requires the use of a

3  wheelchair for mobility and is unable to use portions of public facilities which are

4  not accessible to disabled persons, including those who require the use of a

5  wheelchair. Plaintiff was denied his rights to full and equal access at these

6  facilities, and was denied his civil rights under both California law and federal

7  law, because these facilities were not, and are not now, properly accessible to

8  physically disabled persons, including those who use wheelchairs. Plaintiff seeks

9  injunctive relief to require defendants to make these facilities accessible to

10  disabled persons and to ensure that any disabled person who attempts to use

11  California's Great America Amusement Park (hereinafter sometimes "Great

12  America" or "Amusement Park" or "Park"), will be provided accessible facilities

13  and not suffer discrimination due to defendants' policies. Plaintiff also seeks

14  recovery of damages for his physical, mental and emotional injuries, and his

15  discriminatory experiences and denial of access and of civil rights, which denial

16  is continuing as a result of defendants' discriminatory policies and failure to

17  provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable

18  statutory attorney fees, litigation expenses and costs, under federal and state law.

19      2.      **JURISDICTION:** This Court has jurisdiction of this action

20  pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act

21  of 1990, 42 USC §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and

22  related causes of action arising from the same facts are also brought under

23  California law, including but not limited to violations of California Health &

24  Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and

25  55; and Title 24 California Code of Regulations.

26      3.      **VENUE:** Venue is proper in this court pursuant to 28 USC

27  § 1391(b) and is founded on the fact that the real property which is the subject of

28  this action is located in this district and that plaintiff's causes of action arose in

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -2-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1    this district.

2        4.    **INTRADISTRICT:** This case should be assigned to the San Jose

3 intradistrict as the real property which is the subject of this action is located in

4 this intradistrict and plaintiff's causes of action arose in this intradistrict.

5        5.    **PARTIES:** Plaintiff Irving Griffin is a qualified physically disabled

6 person who is mobility impaired and requires the use of a wheelchair for

7 locomotion. Defendants CEDAR FAIR, L.P. dba CALIFORNIA'S GREAT

8 AMERICA; and DOES 1-20, Inclusive, are the owners, operators, lessors, and

9 lessees of the business, property, buildings, parking facilities, and/or portions

10 thereof located at 4701 Great America Parkway, Santa Clara, California. This

11 Amusement Park and its facilities, including but not limited to its entrances,

12 restrooms, interior paths of travel, and parking facilities, are each a "public

13 accommodation" and part of a "business establishment," subject to the

14 requirements of multiple categories of § 301(7) of the Americans with Disabilities

15 Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, of California

16 Civil Code §§ 51 *et seq.*, and of California Civil Code §§ 54 *et seq.* On

17 information and belief, this Amusement Park and its facilities have, since July 1,

18 1970, undergone construction and/or "alterations, structural repairs, or additions,"

19 subjecting each such facility to disabled access requirements per Health & Safety

20 Code §§ 19955-19959 *et seq.*, including the "A.S.A." regulations in effect from

21 1970 through 1982, and, as to alterations since January 26, 1993, to the disabled

22 access requirements of § 303 of the Americans with Disabilities Act of 1990.

23 Such facilities constructed or altered since 1982 are also subject to "Title 24," the

24 California State Architect's Regulations. Further, irrespective of the alteration

25 history, such premises are subject to the "readily achievable" barrier removal

26 requirements of Title III of the Americans With Disabilities Act of 1990, as

27 defined by ADA § 301(9) [42 USC §§ 12181(9)], and to the ADA's prohibition of

28 discrimination based on policy.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1    6.    The true names and capacities of Defendants Does 1 through 20,

2 Inclusive, are unknown to plaintiffs who therefore sue said defendants by such

3 fictitious names.  Plaintiff is informed and believes that each of the defendants

4 herein designated as a Doe is legally responsible in some manner for the events

5 and happenings herein referred to and caused injury and damages proximately

6 thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

7 show such true names and capacities when the same have been ascertained.

8    7.    Defendants CEDAR FAIR, L.P. dba CALIFORNIA'S GREAT

9 AMERICA; and DOES 1-20, Inclusive, are and were the owners, operators,

10 lessors and lessees of the subject business, property and/or building at all times

11 relevant to this Complaint.  Plaintiff is informed and believes that each of the

12 defendants herein is the agent, employee or representative of each of the other

13 defendants, and performed all acts and omissions stated herein within the scope of

14 such agency or employment or representative capacity, and is responsible in some

15 manner for the acts and omissions of the other defendants in proximately causing

16 the damages complained of herein.

17

18    **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
   **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
19   **IN A PUBLIC ACCOMMODATION**
   **(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**
20

21    8.    Plaintiff repleads and incorporates by reference, as if fully set forth

22 again herein, the factual allegations contained in Paragraphs 1 through 20, above,

23 and incorporate them herein by reference as if separately repled herein.

24    9.    Plaintiff Irving Griffin and other similarly situated physically

25 disabled persons, including those who require the use of a wheelchair, are unable

26 to use public facilities on a "full and equal" basis unless each such facility is in

27 compliance with the provisions of California Health & Safety Code §§ 19955 *et*

28 *seq.* Plaintiffs are each a member of that portion of the public whose rights are

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -4-    S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1   protected by the provisions of Health & Safety Code §§ 19955 *et seq*.

2       10.   Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o

3   ensure that public accommodations or facilities constructed in this state with

4   private funds adhere to the provisions of Chapter 7 (commencing with Section

5   4450) of Division 5 of Title 1 of the Government Code." On information and

6   belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,

7   apply to the subject Amusement Park and its related facilities. The code relating

8   to such public accommodations also requires that "When sanitary facilities are

9   made available for the public, clients, or employees... they shall be made available

10  for persons with disabilities." Title 24, California Code of Regulations, formerly

11  known as the California Administrative Code, was in effect at the time of each

12  alteration which, on information and belief, occurred at such public facility since

13  January 1, 1982, thus requiring access complying with the specifications of Title

14  24 whenever each such "alteration, structural repair or addition" was carried out.

15  On information and belief, defendants and/or their predecessors in interest carried

16  out new construction and/or alterations, structural repairs, and/or additions to

17  such buildings and facilities during the period Title 24 has been in effect.

18  Further, plaintiff alleges, on information and belief, that construction, alterations,

19  structural repairs, and/or additions which triggered access requirements at all

20  relevant portions of the Amusement Park, also occurred between July 1, 1970 and

21  July 1, 1982, and required access pursuant to the A.S.A. (American Standards

22  Association) Regulations then in effect, pursuant to the incorporated provisions of

23  California Government Code §§ 4450 *et seq*.

24      11.   **FACTUAL STATEMENT:**   At all times mentioned herein,

25  plaintiff Irving Griffin was and continues to be a qualified disabled person due to

26  quadriplegia. His disabilities require him to use a manual wheelchair for

27  mobility. On or about July 4, 2009, plaintiff Irving Griffin visited Great America

28  as a paying patron, along with his fiancé and several friends. On information and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -5-        S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1  belief the designated disabled parking facilities were insufficient to comply with

2  code. On information and belief, plaintiff was not advised when he entered the

3  Great America premises of any special procedures for physically disabled persons

4  to follow in connection with using Amusement Park attractions or rides, or being

5  evaluated. However, on information and plaintiff will encounter such policies,

6  which are discriminatory, when he next visits the premises.

7      12.    On or about July 4, 2009, plaintiff Irving Griffin attempted to use

8  one of the public restrooms on the Amusement Park premises and was unable to

9  fit into any of the toilet stalls. The toilet stall he tried to use was too narrow for

10  wheelchairs, and had no safety grab bars or proper door closer. Although he

11  called out to his friends, who tried to assist him, he suffered a humiliating bodily

12  functions accident, soiled himself and his clothing, and was forced to leave the

13  Park to clean himself and change his clothes. He was extremely humiliated. On

14  information and belief, the sinks and other features of the restroom are also

15  inaccessible. Due to the denial of accessible facilities, plaintiff Irving Griffin

16  encountered architectural barriers which caused him difficulty, discomfort and

17  embarrassment. Plaintiff Griffin suffered physical, mental and emotional

18  damages, all to his general, statutory and treble damages, according to proof.

19      13.    On information and belief, the Amusement Park and its related

20  facilities are also inaccessible to disabled persons in multiple additional ways,

21  including but not limited to the lack of proper accessible restrooms, improperly

22  high food court counters, and improper paths of travel. On information and

23  belief, at the time of the above-described incidents, and continuing to the present,

24  the access barriers at the Amusement Park also included but were not limited to

25  the following: inaccessible entrance, narrow paths of travel, steep paths of travel

26  without signage indicating accessible routes, lack of proper restaurant seating,

27  and multiple inaccessible features in the men's restrooms, including the lack of

28  proper turning radius, inaccessible toilet stalls, including some labeled as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-  S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1    "accessible," and improperly inaccessible toilet and sink facilities, including the

2    lack of proper safety grab bars, turning radius and sink hardware.

3          14.    Defendants' policies also illegally discriminate against physically

4    disabled persons in multiple ways.  On information and belief, while all disabled

5    persons are required to obtain an "evaluation" of their disability(ies) and obtain a

6    "pass" at a particular Amusement Park location ("City Hall"), neither defendants'

7    website nor instructions on signs nor materials provided at ticket purchase warn

8    of this additional procedure and necessity required only for disabled persons, nor

9    give directions to disabled persons where to go to obtain such "pass."  On

10   information and belief, defendants' staff is insufficiently trained with regard to

11   the needs and rights of disabled persons, and defendants' evaluation of the

12   disabilities of physically disabled persons is conducted by unqualified employees.

13   The result, at best, is that disabled persons suffer major delays of up to one-half

14   hour each in being "evaluated" and obtaining a "pass" once they learn of the need

15   for such pass and determine the location of the office administering the "pass"

16   procedure.

17         15.    Further, on information and belief, and based on preliminary

18   investigation by plaintiff's representatives, the premises were also illegally

19   inaccessible in multiple other respects, including parking facilities, food court

20   facilities, directional signage, service counters, and paths of travel throughout the

21   public areas of the Amusement Park, including those to enter the rides and

22   attractions.  These barriers to access are listed without prejudice to plaintiffs

23   citing additional barriers to access after inspection by plaintiff's access

24   consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc.</u>

25   524 F.3d 1034 (9th Cir. 2008).  All of these barriers to access render the premises

26   inaccessible to and unuseable by physically disabled persons.  All facilities must

27   be brought into compliance with all applicable federal and state code

28   requirements, according to proof.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -7-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

16.   Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17.   Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

18.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities. Defendants' policies are also discriminatory against disabled persons and subject them to special and discriminatory treatment that able-bodied persons are not subjected to, as a condition of using the Amusement Park's facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions have already caused him difficulty, discomfort and embarrassment, and presently continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use this Amusement Park and its

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -8-      S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1  facilities until they are made properly accessible to disabled persons.  Plaintiff

2  alleges that he intends to return once legally required access has been provided.

3  The acts of defendants have proximately caused and will continue to cause

4  irreparable injury to plaintiff if not enjoined by this Court.  Plaintiff seeks

5  injunctive relief as to all areas of the premises that he personally encountered.

6  Further, as to all areas identified before or during this litigation by plaintiff's

7  access consultant, that plaintiff or other physically disabled persons may

8  encounter in the future (under the 9th Circuit's holding in <u>Doran v. 7-Eleven, Inc.</u>

9  524 F.3d 1034 (9th Cir. 2008)), plaintiff prays leave to amend this complaint to

10  obtain full injunctive relief.  As to those of the defendants that currently own,

11  operate, and/or lease (from or to) the subject Amusement Park, plaintiff seeks

12  preliminary and permanent injunctive relief to enjoin and eliminate the

13  discriminatory practices and barriers that deny equal access for disabled persons,

14  and for reasonable statutory attorney fees, litigation expenses and costs.

15       19.     Wherefore plaintiff asks this Court to preliminarily and permanently

16  enjoin any continuing refusal by defendants to grant full and equal access to

17  plaintiffs in the respects complained of and to require defendants to comply

18  forthwith with the applicable statutory requirements relating to access for disabled

19  persons.  Such injunctive relief is provided by California Health & Safety Code

20  § 19953 and California Civil Code § 55, and other law.  Plaintiff further requests

21  that the Court award damages pursuant to Civil Code § 54.3 and other law and

22  attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code

23  § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

24  law, all as hereinafter prayed for.

25       20.     **DAMAGES:**  As a result of the denial of full and equal access to the

26  subject facilities, and due to the acts and omissions of defendants and each of

27  them in owning, operating, leasing, constructing, altering, and maintaining the

28  subject facility, plaintiff suffered a violation of his civil rights, including but not

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -9-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1  limited to rights under Civil Code §§ 54 and 54.1, and suffered difficulty,

2  discomfort and embarrassment, physical, mental and emotional personal injuries,

3  all to his damages per Civil Code § 54.3, including general and statutory

4  damages, and treble damages, as hereinafter stated. Defendants' actions and

5  omissions to act constitute discrimination against plaintiff on the sole basis that

6  he was and is physically disabled and unable, because of the architectural and

7  policy barriers created and/or maintained by the defendants in violation of the

8  subject laws, to use the subject public facilities on a full and equal basis as other

9  persons.

10       21.    **TREBLE DAMAGES** - Plaintiff has been damaged by defendants'

11  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

12  and 54.3. At all times herein mentioned, defendants were fully aware that

13  significant numbers of potential users of their public facilities are and will be

14  physically disabled persons. Further defendants knew and know that physically

15  disabled Amusement Park patrons, including wheelchair users and other mobility-

16  impaired persons, would have need of facilities that complied with California

17  Title 24 and ADAAG standards for accessible facilities. Despite this knowledge,

18  defendants installed and maintained the physical barriers complained of, failed to

19  remove these barriers despite the barrier removal requirements of the ADA and

20  California law, and have failed to provide properly accessible facilities, according

21  to proof. Defendants have also continued their illegal and discriminatory policies

22  and practices despite actual knowledge that people with physical mobility

23  disabilities, including plaintiff, attempt to patronize the subject Amusement Park

24  and encounter illegal policy barriers to access when they do so. For example,

25  despite plaintiff complaining to the management on the date of his visit,

26  defendants have not taken action to remedy and/or remove the physical or policy

27  barriers complained of, to the date of filing of this complaint and, on information

28  and belief, continuing.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

22.   At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have failed and refused to rectify the violations, and presently continue a course of conduct in maintaining architectural barriers and policies that discriminate against plaintiff and similarly situated disabled persons.

23.   **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable statutory attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.  Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
**CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
**DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

24.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 23, above, and incorporates them herein by reference as if separately repled herein.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -11-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1      25.    At all times relevant to this complaint, California Civil Code § 51

2   has provided that physically disabled persons are free and equal citizens of the

3   state, regardless of medical condition or disability:

4          All persons within the jurisdiction of this state are free and equal,
           and no matter what their sex, race, color, religion, ancestry, national
5          origin, disability, or medical condition are entitled to the full and
           equal accommodations, advantages, facilities, privileges, or services
6          in all business establishments of every kind whatsoever.
           Cal. Civ. C. § 51(b).
7

8      26.    California Civil Code § 52 provides that the discrimination by

9   defendants against plaintiff on the basis of his disabilities constitutes a violation

10  of the general anti-discrimination provision of §§ 51 and 52.

11     27.    Defendants' discrimination constitutes a separate and distinct

12  violation of California Civil Code § 52, which provides that:

13         Whoever denies, aids or incites a denial, or makes any discrimination
           or distinction contrary to section 51, 51.5, or 51.6 is liable for each
14         and every offense for the actual damages, and any amount that may
           be determined by a jury, or a court sitting without a jury, up to a
15         maximum of three times the amount of actual damage but in no case
           less than four thousand dollars ($4,000), and any attorney's fees that
16         may be determined by the court in addition thereto, suffered by any
           person denied the rights provided in Section 51, 51.5, or 51.6.
17

18     28.    Any violation of the Americans With Disabilities Act of 1990 (as

19  pled in the Third Cause of Action) constitutes a violation of California Civil Code

20  § 51(f) thus independently justifying an award of damages and injunctive relief

21  pursuant to California law.  Per § 51(f), "A violation of the right of any individual

22  under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

23  also constitute a violation of this section."

24     29.    The actions and omissions of defendants as herein alleged constitute

25  a denial of access to and use of the described public facilities by physically

26  disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a

27  proximate result of defendants' action and omissions, defendants have

28  discriminated against plaintiff in violation of Civil Code §§ 51 and 52, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1   suffered physical, mental and emotional damages, and are, on information and

2   belief, also entitled to treble damages pursuant to Civil Code § 52..

3       30.   **FEES AND COSTS:**  As a result of defendants' acts, omissions and

4   conduct, plaintiff has been required to incur attorney fees, litigation expenses and

5   costs as provided by statute in order to enforce plaintiff's rights and to enforce

6   provisions of the law protecting access for disabled persons and prohibiting

7   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

8   reasonable attorney fees, litigation expenses and costs pursuant to the provisions

9   of California Civil Code §§ 51 and 52.  Additionally, plaintiff's lawsuit is

10  intended to require that defendants make their facilities and policies accessible to

11  all disabled members of the public, justifying "public interest" attorney fees,

12  litigation expenses and costs pursuant to the provisions of California Code of

13  Civil Procedure § 1021.5 and other applicable law.

14      Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

15

16  **THIRD CAUSE OF ACTION:**
    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
17  **42 USC §§ 12101 *et seq.***

18      31.   Plaintiff repleads and incorporates by reference, as if fully set forth

19  again herein, the factual allegations contained in Paragraphs 1 through 30, above,

20  and incorporates them herein by reference as if separately repled herein.

21      32.   In 1990 the United States Congress made findings that laws were

22  needed to more fully protect "some 43,000,000 Americans [with] one or more

23  physical or mental disabilities;" that "historically, society has tended to isolate

24  and segregate individuals with disabilities;" that "such forms of discrimination

25  against individuals with disabilities continue to be a serious and pervasive social

26  problem;" that "the Nation's proper goals regarding individuals with disabilities

27  are to assure equality of opportunity, full participation, independent living, and

28  economic self-sufficiency for such individuals;" and that "the continuing

1   existence of unfair and unnecessary discrimination and prejudice denies people

2   with disabilities the opportunity to compete on an equal basis and to pursue those

3   opportunities for which our free society is justifiably famous..." [42 USC §12101]

4          33.    In passing the Americans with Disabilities Act of 1990 (hereinafter

5   "ADA"), Congress stated as its purpose:

6          It is the purpose of this Act

7          (1) to provide a clear and comprehensive national mandate for the
           elimination of discrimination against individuals with disabilities;
8
           (2) to provide clear, strong, consistent, enforceable standards addressing
9          discrimination against individuals with disabilities; .

10         (3) to ensure that the Federal Government plays a central role in enforcing
           the standards established in this Act on behalf of individuals with
11         disabilities; and

12         (4) to invoke the sweep of congressional authority, including the power to
           enforce the fourteenth amendment and to regulate commerce, in order to
13         address the major areas of <u>discrimination faced day-to-day</u> by people with
           disabilities.
14
    42 USC § 12101(b).
15

16         34.    As part of the ADA, Congress passed "Title III - Public

17   Accommodations and Services Operated by Private Entities" (42 USC §§ 12181

18   *et seq.*).  The subject property and facility is one of the "private entities" which

19   are considered "public accommodations" for purposes of this title, which includes

20   "a park, zoo, amusement park, other place of recreation." § 301(7)(I).

21         35.    The ADA clearly states that "No individual shall be discriminated

22   against on the basis of disability in the full and equal enjoyment of the goods,

23   services, facilities, privileges, advantages, or accommodations of any place of

24   public accommodation by any person who owns, leases, or leases to, or operates a

25   place of public accommodation." 42 USC § 12182.   The specific statutory

26   prohibitions against discrimination include, but are not limited to the following:

27   <u>§ 302(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory

28   to afford an individual or class of individuals, on the basis of a disability or

1  disabilities of such individual or class, directly, or through contractual, licensing,

2  or other arrangements, with the opportunity to participate in or benefit from a

3  good, service, facility, privilege, advantage, or accommodation that is not equal to

4  that afforded to other individuals."

5  § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

6  practices, or procedures when such modifications are necessary to afford such

7  goods, services, facilities, privileges, advantages, or accommodations to

8  individuals with disabilities...;"

9  § 302(b)(2)(A)(iii):  "a failure to take such steps as may be necessary to ensure

10  that no individual with a disability is excluded, denied service, segregated, or

11  otherwise treated differently than other individuals because of the absence of

12  auxiliary aids and services...;"[emphasis added]

13  § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

14  barriers that are structural in nature, in existing facilities... where such removal is

15  readily achievable;"

16  § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

17  under clause (iv) is not readily achievable, a failure to make such goods, services,

18  facilities, privileges, advantages, or accommodations available through alternative

19  methods if such methods are readily achievable."

20          The acts and omissions of defendants set forth herein were in

21  violation of plaintiff's rights under the ADA and the regulations promulgated

22  thereunder, 28 CFR Part 36 *et seq*.

23          36.    The removal of each of the barriers complained of by plaintiff as

24  hereinabove alleged, were at all times herein mentioned "readily achievable"

25  under the standards of §§ 301(9) and 302 of the ADA.  As noted hereinabove,

26  removal of each and every one of the architectural barriers complained of herein

27  were also required under California law.  Further, on information and belief,

28  construction, alterations, structural repairs or additions since January 26, 1993

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1  have also independently triggered requirements for removal of barriers to access

2  for disabled persons per § 303 of the ADA.

3          37.    On information and belief, as of the date of plaintiff's encounter at

4  the subject premises and as of the filing of this Complaint, the premises have

5  denied and continue to deny full and equal access to plaintiff and to other

6  disabled persons, including wheelchair users, in other respects, which violate

7  plaintiff's rights to full and equal access and which discriminate against plaintiff

8  on the basis of his disabilities, thus wrongfully denying to plaintiff the full and

9  equal enjoyment of the goods, services, facilities, privileges, advantages and

10 accommodations, in violation of §§ 302 and 303 of the ADA. [42 USC §§ 12182

11 and 12183.]

12         38.    On information and belief, defendants have continued to violate the

13 law and deny the rights of plaintiff and other disabled persons access to this

14 public accommodation since on or before plaintiff's encounters, as previously

15 noted.  Pursuant to the ADA, § 308 [42 USC 12188] *et seq.*, plaintiff is entitled to

16 the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964,

17 42 USC 2000(a)-3(a), as plaintiff is "a qualified" disabled person who is being

18 subjected to discrimination on the basis of disability in violation of the ADA and

19 has reasonable grounds for believing that he is about to be subjected to

20 discrimination should he return to the subject premises.  Pursuant to § 308(a)(2),

21 "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall

22 include an order to alter facilities to make such facilities readily accessible to and

23 usable by individuals with disabilities to the extent required by this title."

24         WHEREFORE, plaintiff prays for damages, injunctive relief, and statutory

25 attorney fees, litigation expenses and costs as hereinafter stated.

26 //

27 //

28 //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

1

## PRAYER

2      Plaintiff prays that this Court:

3      1.      Issue a preliminary and permanent injunction directing defendants as

4  current owners, operators, lessors, and/or lessees of the subject property and

5  premises to modify the above described property and premises and related

6  facilities to provide full and equal access to all persons, including persons with

7  physical disabilities; and issue a preliminary and permanent injunction pursuant

8  to ADA § 308(a) and state law directing defendants to provide facilities usable by

9  plaintiff and similarly situated persons with disabilities, and which provide full

10 and equal access, as required by law; to modify their practices and procedures to

11 cease discriminating against disabled persons, and to train defendants' employees

12 and agents in how to accommodate the rights and needs of physically disabled

13 persons.

14     2.      Retain jurisdiction over the defendants until such time as the Court is

15 satisfied that defendants' unlawful policies, practices, acts and omissions, and

16 maintenance of physically inaccessible public facilities as complained of herein

17 no longer occur, and can not recur;

18     3.      Award to plaintiff all appropriate damages, including but not limited

19 to statutory damages, general damages, and treble damages in amounts within the

20 jurisdiction of the Court, all according to proof;

21     4.      Award to plaintiff all reasonable statutory attorney fees, litigation

22 expenses, and costs of this proceeding as provided by California and federal law;

23     5.      Award prejudgment interest pursuant to Civil Code § 3291; and

24     6.      Grant such other and further relief as this Court may deem just and

25 proper.

26 //

27 //

28 //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -17-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd

Dated: June 24, 2011

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
IRVING GRIFFIN

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 24, 2011

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
IRVING GRIFFIN

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -18-   S:\CASES\G\GREAT AMERICA\PLEADINGS\GREAT AMERICA-GRIFFIN.CMP.wpd