United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IRVING GRIFFIN,

Plaintiff,

v.

CEDAR FAIR, L.P. dba CALIFORNIA'S GREAT AMERICA,

Defendant.

Case No.: 11-CV-003148-PSG

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

**(Re: Docket No. 10)**

On June 24, 2011, Plaintiff Irving Griffin ("Griffin") filed a complaint against Defendant Cedar Fair, L.P. dba California's Great America ("Cedar Fair"). Griffin alleges that Cedar Fair violated the Americans with Disabilities Act ("ADA") and related California state statutes. On August 5, 2011, Cedar Fair filed a motion for a more definite statement under Fed. R. Civ. P. 12(e). Having considered the briefs and the oral argument presented to the court, for the reasons below, the motion for a more definite statement is DENIED.

## I. BACKGROUND

According to the complaint, Griffin is a quadriplegic and requires the use of a manual wheelchair for mobility. Defendant owns and operates the California's Great America amusement park in Santa Clara, California. On or about July 4, 2009, Griffin visited Great America as a paying customer along with his fiancée and some friends. During this visit, Griffin attempted to

United States District Court
For the Northern District of California

use one of the public restrooms on the property, but due to his wheelchair was not able to fit into any of the stalls. He called to his friends, but he "suffered a humiliating bodily functions accident, soiled himself and his clothing, and was forced to leave the Park."[1] Griffin alleges that the facilities in this bathroom are not adequate to allow him, and other similarly disabled people, to have full and equal use under the ADA.[2]

The complaint further alleges that the amusement park contains various defects throughout the property which make these sites inaccessible to disabled persons. These other alleged defects include a "lack of proper accessible restrooms, improperly high food court counters, and improper paths of travel."[3] Griffin further alleges that other barriers include "inaccessible entrance, narrow paths of travel, steep paths of travel without signage indicating accessible routes, lack of proper restaurant seating, and multiple inaccessible features in the men's restrooms."[4] Griffin also complains of inadequate "parking facilities, food court facilities, directional signage, service counters, and paths of travel."[5] Griffin seeks injunctive relief, damages, and treble damages as a result of Cedar Fair's alleged refusal to grant full and equal access to disabled persons.

After reviewing Griffin's complaint, Cedar Fair filed the present motion for a more definite statement. Cedar Fair argues that it "cannot frame a responsive pleading to this Complaint because it is uncertain as to which specific areas on defendant's property plaintiff refers to in his Complaint."[6] Cedar Fair deems Griffin's allegations to be too vague and ambiguous because they

---

[1] Compl. ¶ 12 (Docket No. 1).

[2] *See* 42 U.S.C. § 12182.

[3] Docket No. 1 ¶ 13.

[4] *Id.*

[5] *Id.* ¶ 15.

[6] Docket No. 10 at 2.

United States District Court
For the Northern District of California

do not point to specific areas of the Park, but merely give generalities regarding different facilities on the property.

## II. LEGAL STANDARD

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."[7] "Whether to grant a Rule 12(e) motion is within the discretion of the trial court."[8] However, "[s]uch motion [is] not favored by the courts since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim."[9] "[The motion] should not be granted unless the defendant cannot frame a responsive pleading."[10]

## III. DISCUSSION

Cedar Fair challenges Griffin's complaint on two grounds: (1) lack of standing to bring a cause of action against unencountered barriers on the property; and (2) insufficient specificity in the claims to satisfy Rule 8[11] and to allow Cedar Fair to answer the allegations. Although Cedar Fair's challenge of standing may be improper in the context of a motion for a more definite statement, as opposed to a motion to dismiss, the court will address the standing issue at this time because district courts have "both the power and the duty to raise the adequacy of [a plaintiff's]

---

[7] Fed. R. Civ. P. 12(e).

[8] *Babb v. Bridgestone/Firestone*, 861 F. Supp. 50, 52 (M.D. Tenn. 1993).

[9] *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 629 (D. Ariz.1994) (citing *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz.1989)).

[10] *Falamore, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal.1981) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal.1979)).

[11] Cedar Fair did not specifically challenge Griffin's complaint under Rule 8 until its Reply brief. Griffin, however, was afforded the opportunity to respond during oral argument.

standing sua sponte."[12] Moreover, the court notes that the analysis of standing to sue over alleged barriers beyond those encountered is not entirely distinct from the issue of whether the plaintiff pleads with sufficient information where and how he encountered the barriers complained of.

**A. PLAINTIFF'S STANDING TO MAINTAIN A CAUSE OF ACTION**

Cedar Fair argues that Griffin does not have standing to bring claims regarding the other barriers he did not encounter on the June 24 visit. Cedar Fair contends that Griffin "has not properly alleged facts sufficient in his Complaint to establish that he has standing to proceed with his causes of action."[13] Cedar Fair argues that "Plaintiff has failed to identify any specific areas on defendant's property where he suffered his alleged injuries."[14] Cedar Fair relies heavily on *Chapman v. Pier 1 Imports (U.S.), Inc.*[15] and *Oliver v. Ralphs Grocery Co.*[16] to argue that Griffin only has standing to assert a cause of action concerning the restroom referred to in the complaint.

Cedar Fair incorrectly interprets *Chapman*. The *Chapman* court held that "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability."[17] It is clear from the Complaint, and not disputed in Defendant's motion or reply brief, that Griffin suffered an injury-in-fact when he could not access the necessary stall in the men's restroom. Once "an ADA plaintiff [] establishes standing as to encountered barriers [he] may also sue for injunctive relief as to unencountered

---

[12] *See D'Lil v. Best Western*, 538 F.3d 1031, 1035 (9th Cir. 2008) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001)).

[13] Def.'s Reply to Pl.'s Opp'n at 4 (Docket No. 13).

[14] Docket No. 13 at 4.

[15] 631 F.3d 939 (9th Cir. 2011).

[16] 2011 U.S. App. LEXIS 17022 (9th Cir. 2011).

[17] *Chapman* at 944.

United States District Court
For the Northern District of California

barriers related to his disability.[18] Other recent Ninth Circuit decisions mirror *Chapman's* holding concerning this issue.[19]

Cedar Fair also misreads *Oliver* in arguing that Griffin's complaint is "jurisdictionally defective."[20] With regard to standing, the *Oliver* court simply reiterates the *Chapman* holding.[21] In sum, Cedar Fair misinterprets the relevant case law regarding standing for unencountered barriers in an ADA claim. Griffin has alleged an injury-in-fact based on his inability to access Cedar Fair's restroom stall. Accordingly, Griffin has standing to complain of other barriers on the property that relate to his disability.

**B. DEFINITENESS OF PLAINTIFF'S CLAIM UNDER FED. R. CIV. P. 12(E)**

Cedar Fair's primary contention, and the substantive motion pending before the court, is that Griffin's complaint is vague and ambiguous under Rule 12(e) and does not allow it to form an appropriate response. Specifically, Cedar Fair argues that it "cannot frame a responsive pleading to this Complaint because it is uncertain as to which specific areas on defendant's property plaintiff refers to in his Complaint."[22] Cedar Fair contends that because "plaintiff has basically placed all of defendant's property at issue," this court should grant the motion for a more definite statement.[23]

---

[18] *Id.*

[19] *See e.g.*, *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-44 (9th Cir. 2008) ("[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation … which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.").

[20] Docket No. 13 at 4.

[21] *See Oliver*, 2011 U.S. App. LEXIS 17022 at *12 ("Oliver had standing to sue as to those [encountered] barriers as well as all 'other barriers related to his disability.'" (quoting *Chapman* at 944)).

[22] Docket No. 10 at 3.

[23] *Id.*

United States District Court
For the Northern District of California

Rule 12(e) motions are "disfavored and rarely granted."[24] "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted."[25] Although Griffin's complaint does not specifically address each individual possible defect on the property, the complaint is not unintelligible with respect to Rule 12(e). As stated above, Griffin has standing to complain of other barriers that he is likely to encounter on return visits. It is apparent from Cedar Fair's motion and reply brief that it understands the issues at hand. "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied."[26]

Under these circumstances, where Cedar Fair understands the complaint and where the more specific details it seeks are obtainable through discovery, an order for more definite statement under Fed. R. Civ. P. 12(e) is not appropriate.

**C. FAIR NOTICE OF PLAINTIFF'S CLAIM UNDER FED. R. CIV. P. 8(A)(2)**

Cedar Fair also challenges the sufficiency of the complaint pursuant to Fed. R. Civ. P. 8(a)(2). Cedar Fair contends that it has not received fair notice of Griffin's claim because "plaintiff failed to allege with any particularity whatsoever as to the location where he claimed to be injured on defendant's property."[27] Cedar Fair again directs the court to the recent, unpublished decision from the Ninth Circuit in *Oliver v. Ralphs Grocery Co.*, in which the court discusses Rule 8 in

---

[24] *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)).

[25] *Id.* (quoting *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)).

[26] *Id.* (quoting *Beery* at 480).

[27] Docket No. 13 at 3.

**United States District Court**
For the Northern District of California

relation to complaints under the ADA. Cedar Fair argues that in order for "the complaint to provide fair notice to the defendant, each barrier must be alleged in the complaint."[28]

Griffin responds that "the Complaint is as specific as it can be" since "plaintiff's access to the property" is limited.[29] Because Cedar Fair first challenged the sufficiency of the pleading under Rule 8 in its reply brief, Griffin does not directly respond, but instead frames his argument around the standing analysis in *Doran v. 7-Eleven, Inc.*[30] The *Doran* court states that "where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation, . . . he or she may conduct discovery to determine what if any other barriers affecting his or her disability existed at the time he or she brought the claim."[31]

Although the *Chapman* and *Doran* opinions are instructive on the standing issue, they do not specifically address a lack of fair notice under Rule 8. The *Oliver* decision does address this problem, but only to illustrate that standing and Rule 8 may be subject to separate analyses. The court notes that "*Doran* does not help Oliver, because it speaks only to constitutional standing; it sheds no light on what a plaintiff's complaint must include to comply with the fair notice requirement of *Rule 8*."[32] The *Oliver* court does not go on to elaborate on what the complaint must include to comply with Rule 8.

With regard to Rule 8, Griffin argues that "given the limits of plaintiff's access to the property, the Complaint is as specific as it can be and certainly specific as it should be to comply

---

[28] *Id.* at 2 (mistakenly quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006), although the authority actually comes from *Oliver* which is citing the *Pickern* court).

[29] Docket No. 12 at 4.

[30] 524 F.3d 1034 (9th Cir. 2008).

[31] *Id.* at 1043-1044.

[32] *Oliver*, 2011 U.S. App. LEXIS 17022 at *16 (emphasis in original).

with Rules 8 and 12."[33] He states that "discovery, not an order for a more complete statement, is the solution to defendant's concerns."[34] Griffin continues by arguing that "[t]he liberal pleading standards of Rule 8 require notice, not specifics."[35]

Griffin's complaint alleges several features of the Amusement Park, in addition to the men's restroom where the incident occurred, that are inaccessible to disabled persons including other restrooms, foods court counters, paths of travel, lack of signage indicating accessible routes, and many features of the men's restrooms.[36] Although specifics are not included in the complaint, it does put Cedar Fair on notice with regard to the allegedly defective features at issue. It is well settled that "specific facts are not necessary"[37] because that would "essentially impose a heightened pleading standard upon ADA plaintiffs."[38] "Concerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant."[39] The notice requirement of Rule 8 is only a "minimal hurdle" that does not require specific details.[40]

As discussed above, Griffin has standing to bring a cause of action with respect to other barriers not personally encountered, but that relate to his disability. Cedar Fair has been put on

---

[33] Docket No. 12 at 4.

[34] *Id.* at 6 (citing *Natomas Gardens Inv. Group, LLC v. Sinadinos*, 710 F. Supp. 2d 1008, 1024 (E.D. Cal. 2010)).

[35] *Id.* at 4 (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

[36] *See* Docket No. 1 at 6.

[37] *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)).

[38] *Id.*

[39] *Id.* at 842.

[40] *Id.* at 841.

United States District Court
For the Northern District of California

notice that Griffin brings a cause of action with regard to these other barriers.[41] Proceeding with discovery will allow Griffin to provide more specificity and minimize the uncertainty regarding which other barriers, if any, are non-compliant under the ADA.

In sum, Griffin incurred an injury-in-fact during his June 24 visit to California's Great America. This injury-in-fact gives Griffin standing for a cause of action against the encountered barrier, along with others that may exist on the property. Cedar Fair has been put on notice of the other barriers that Griffin alleges exist to prevent his access to enjoyment of the park. Griffin therefore has standing to inspect all barriers that he may likely encounter on future visits.

**D. DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF**

On September 19, 2011, Cedar Fair filed a motion for administrative relief requesting that the inspection pursuant to General Order 56 be postponed until after November 3, 2011, when the park is closed. Cedar Fair argues that inspecting the property on or before October 3, 2011 will be "burdensome as it pertains to the alleged violations and scope of its property in that it would be disruptive to its business since plaintiff has essentially place defendant's entire property at issue."[42]

As fully discussed above, Griffin has standing to inspect all barriers that he is likely to encounter on the property. Furthermore, Griffin has presented persuasive reasoning as to the necessity to inspect the property while open to the public.[43] Based on the briefs and oral arguments presented before this court, it is necessary for Griffin to inspect all barriers he is likely to encounter

---

[41] *See Doran*, *supra*, 524 F.3d at 1047 ("limiting a plaintiff to challenging the barriers he or she encountered or personally knew about would burden businesses and other places of public accommodation with more ADA litigation, encourage piecemeal compliance with the ADA, and ultimately thwart the ADA's remedial goals").

[42] Docket No. 15 at Ex. A pg. 2.

[43] *See* Docket No. 17 at 6-7 (explaining that Griffin will be prejudiced if not able to inspect the property while in normal operating conditions because the physical and policy elements would not be preserved).

United States District Court
For the Northern District of California

while the park is in full operation[44] to be able to observe the physical conditions, along with all policy implementations, normally encountered at the park.

## IV. CONCLUSION

For the foregoing reasons, Cedar Fair's motion for a more definite statement is DENIED. Furthermore, Cedar Fair's motion for administrative relief is DENIED and the inspection of the site consistent with this order shall be permitted without further delay and not after November 3, 2011.

**IT IS SO ORDERED.**

Dated: October 7, 2011

PAUL S. GREWAL
United States Magistrate Judge

[44] Although Cedar Fair argues that it will be much less burdensome to conduct the inspection once the park is officially closed for the season, the park is currently closed during weekdays while still maintaining all possible physical barriers in place.