PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:      510/832-5001
Facsimile:       510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
IRVING GRIFFIN


DAVID V. ROTH, ESQ.
MANNING & KASS, ELLROD, RAMIREZ & TRESTER
121 Spear St, Suite 200
San Francisco, CA 94105
Telephone: 415/217-6990
Facsimile: 415/217-6999
dvr@manningllp.com

Attorneys for Defendant
CEDAR FAIR, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING GRIFFIN,<br><br>  Plaintiff,<br><br>v.<br><br>CEDAR FAIR, L.P. dba CALIFORNIA'S GREAT AMERICA; and DOES 1-20, Inclusive,<br><br>  Defendants. | CASE NO.   C11-03148 PSG<br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

1.  Plaintiff IRVING GRIFFIN filed a Complaint in this action on June 24, 2011, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendant CEDAR FAIR, L.P. dba CALIFORNIA'S GREAT AMERICA relating to the condition of their public accommodations as of July 4, 2009, and continuing.  Plaintiffs have

alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at California's Great America amusement park, 4701 Great America Parkway, Santa Clara, California. Defendants deny the allegations in the Complaint, and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff and defendants (collectively "the parties") hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief issues in this lawsuit without the need for protracted litigation and without the admission of any liability.

**JURISDICTION:**

2. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955, *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

3. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief, damages, attorney fees, litigation expenses, and costs raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief, damages, attorney fees, litigation expenses, and costs.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA

and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

5. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Standards, whichever is more stringent for a given element, except where otherwise expressly agreed to in this Consent Decree and Order. No construction tolerance for path of travel remediation as delineated in Attachment C is permitted. All other construction tolerance issues will be resolved pursuant to the Americans with Disabilities Act Access Standards (ADAAS).

6. **Remedial Measures:**

   a. Defendant agrees to perform corrective work at the Great America Amusement Park located at 4701 Great America Parkway, Santa Clara, California. The scope of the corrective work agreed upon by the parties is detailed in **Attachments A, B, and C** attached hereto and incorporated by reference.

   b. Defendant represents that certain of the corrective work has been completed as stated in Attachment B. Plaintiff has not had the opportunity to review and confirm these representations. The work represented to be complete will be included in the first monitoring report as indicated in paragraph 8.

   c. Defendant will maintain its accessible features pursuant to state and federal standards.

7. **Timing of Injunctive Relief:**

   a. **Attachment A:** Policies and corrective work as outlined in Attachment A will be implemented no later than April 30, 2014. All current employees whose duties are affected by the policies will be trained within 21 days of implementing the policies. All employees hired after the implementation date will be trained in these policies within 21 days of hiring.

   b. **Attachment B:** The timing for completion of all agreed to corrective work is outlined in Attachment B.

    c.    **Attachment C:** All work in Attachment C will be completed by April 30, 2016.

    d.    In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief on the timeline stated in attachments A, B or C, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. In such a case, the parties will meet and confer as outlined in Paragraph 9.

8. **Monitoring:** Defendants or their counsel will notify Plaintiff's counsel as modifications are completed, as outlined in Attachment B, and in any case will provide a status report no later than 45 days from the entry of this Consent Decree and Order, and not less than every 180 days thereafter until corrective work is complete. Upon notifying plaintiff's counsel that the work on a given area has been completed, defendants will cooperate with plaintiff's counsel in arranging for a monitoring review of the facilities. The monitoring reviews will be conducted by access expert Karl Danz. Access to the premises for completion of the review will be provided within a reasonable time. Mr. Danz will issue a report within 30 days of each monitoring review. Defendant and Plaintiff will have 30 days to respond to the report. Mr. Danz will consider the response of either Plaintiff and/or Defendant and will issue a binding final decision within 30 days of the response.

9. If compliance issues arise under this Consent Decree the parties agree to meet and confer for a minimum of 30 days. If an issue is not resolved, either party may seek relief from the Court. In the event that Plaintiff seeks and receives enforcement of this consent decree from the Court, he will be entitled to seek his reasonable attorney fees, costs and expenses of enforcement.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

10. Defendant agrees to pay Plaintiff a total of three hundred and twenty four thousand six hundred and ninety two dollars and zero cents ($324, 692.00) as a full and final settlement of all Plaintiff's claims for damages, attorney fees, litigation expenses, and costs. Said amount represents a full and final settlement of all claims of damages by Plaintiff; all past and future attorney fees and litigations expenses and costs except as described in paragraph

9; and all past expert fees and expenses. Said amount does not represent the expert fees and costs to be incurred by access consultant Karl Danz pursuant to the work to be performed under paragraph 8 of this consent decree, the costs and expenses of which will be borne by Defendant. Upon receipt of said settlement funds and the entry of the Order of this Consent Decree, the parties will cooperate and cause to be filed a with this Court a Stipulation To Dismiss.

11. Payment will be made by one check made no later than December 16, 2013, payable to Paul L. Rein in trust for Irving Griffin; $50,000 is allocated to damages and $274,692 is allocated to attorney fees, litigation expenses and costs.

**ENTIRE CONSENT ORDER:**

12. This Consent Decree and Order and Attachments A, B, and C to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on all issues in this case.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

12. This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

13. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all

1   claims, demands, actions and causes of action by the parties to this Consent Decree with

2   respect to the lawsuit, whether the same are known, unknown or hereafter discovered or

3   ascertained, and the provisions of Section 1542 of the California Civil Code are hereby

4   expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

14. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

15. This Consent Decree and Order shall be in full force and effect, and the Court shall retain jurisdiction of this action to enforce provisions of this Order until the injunctive relief contemplated by this Order is completed and approved by Karl Danz in accord with paragraph 8.

**SEVERABILITY:**

16. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original

1 | signature.
2 |
3 | Dated: December ____, 2013          PLAINTIFF IRVING GRIFFIN
4 |
5 |
6 |                                     _____
   |                                     IRVING GRIFFIN
7 |
8 | Dated: ~~December~~ January 30, 2013 4  DEFENDANT CEDAR FAIR, L.P.
9 |
10 |
11 |                                    By: _____Craig Freeman_____
    |                                    Authorized Representative for Defendant Cedar Fair, L.P.
12 |                                         CRAIG FREEMAN
    |                                         Print name
13 |
14 | APPROVED AS TO FORM:
15 |
16 | Dated: December ____, 2013          PAUL L. REIN
    |                                     CELIA McGUINNESS
17 |                                     LAW OFFICES OF PAUL L. REIN
18 |
19 |                                    By: _____
20 |                                         Attorneys for Plaintiff
    |                                         IRVING GRIFFIN
21 |
22 |
23 | Dated: ~~December~~ January 31, 2013 4  DAVID V. ROTH
    |                                     MANNING & KASS, ELLROD,
24 |                                     RAMIREZ & TRESTER
25 |
26 |                                    By: _____/s/_____
27 |                                         Attorneys for Defendant
    |                                         CEDAR FAIR, L.P.
28 |

signature.

Dated: December 31, 2013     PLAINTIFF IRVING GRIFFIN

By: _____
IRVING GRIFFIN

Dated: December ___, 2013    DEFENDANT CEDAR FAIR, L.P.


By: _____
Authorized Representative for Defendant Cedar Fair, L.P.

_____
Print name


APPROVED AS TO FORM:

Dated: December 31, 2013    PAUL L. REIN
CELIA McGUINNESS
LAW OFFICES OF PAUL L. REIN


By: _____
Attorneys for Plaintiff
IRVING GRIFFIN


Dated: December ___, 2013    DAVID V. ROTH
MANNING & KASS, ELLROD,
RAMIREZ & TRESTER


By: _____
Attorneys for Defendant
CEDAR FAIR, L.P.

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-03148 PSG                               - 7 -

1

## ORDER

2   Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4

5   Dated:  2 / 4 , 2013

6                                           Honorable PAUL S. GREWAL
                                            United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28